UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| TIMOTHY LEON LEDFORD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No.   4:23-cv-18 |
| | ) |
| WARDEN SHARON ROSE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Now before the Court is a petition for habeas corpus relief under 28 U.S.C. § 2254 in which Petitioner challenges eleven convictions for aggravated assault [Doc. 1 p. 1]. These convictions arise from an incident in which Petitioner, while intoxicated, shot his roommate, shot at his wife, and repeatedly fired shots towards police officers who arrived at the scene. *Ledford v. State*, No. M2019-02045-CCA-R3-CD, 2021 WL 1529758, at *1 (Tenn. Ct. App. April 19, 2021). Petitioner seeks § 2254 relief from these convictions by claiming that (1) the trial court improperly sentenced him [*Id.* at 5]; (2) his counsel was ineffective with regard to his guilty plea [*Id.* at 7]; (3) his convictions violated the Fifth Amendment's prohibition on double jeopardy [*Id.* at 7]; and (4) his convictions violated his right to due process because (a) the prosecution did not file a notice of sentence enhancement, and (b) ten of his convictions did not involve bodily injury and therefore did not meet the requirements for aggravated assault under Tennessee law [*Id.* at 10].

Respondent filed a response in opposition to the petition asserting that Petitioner's sentencing claim is not cognizable herein, Petitioner procedurally defaulted his other claims for § 2254 relief, and Petitioner's procedurally defaulted claims lack merit [Doc. 14]. Respondent also filed the state court record [Doc. 13].

Petitioner then filed a copy of his state court appellate brief [Doc. 15] before also filing an unsigned document entitled "Issues of Arguments" [Doc 16], which the Court liberally construes as his reply. In this filing, Petitioner restates claims from his § 2254 petition and asserts for the first time that the petition to plead guilty from his state court criminal proceeding "should be dismissed at once" because the assistant district attorney general did not sign it [*Id.* at 1–2].

After reviewing the parties' filings and the state court record, the Court finds that the record establishes that Petitioner is not entitled to relief under § 2254. Accordingly, the Court will not hold an evidentiary hearing, *see* Rules Governing § 2254 Cases, Rule 8(a) and *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007), the petition will be **DENIED**, and this action will be **DISMISSED**.

I.  PROCEDURAL BACKGROUND

After the shooting incident involving Petitioner, his roommate, his wife, and police, a grand jury indicted Petitioner for eleven counts of aggravated assault [Doc. 13-1 p. 5–15].

Petitioner eventually filed a petition to plead guilty to the charges against him "open to [the] indictment" [*Id.* at 53–54]. In paragraph twelve of this petition to plead guilty, Petitioner acknowledged that he was subject to enhanced sentencing and therefore gave up his right to notice of an enhanced sentence [*Id.* at 53]. The petition also contained a section in which the assistant district attorney general was to certify that paragraph twenty-three of the petition to plead guilty, in which Petitioner indicated in relevant part that the attached judgment form contained his entire plea agreement, accurately represented the plea agreement [*Id.* at 54]. But while Petitioner and his attorney signed the petition to plead guilty, the signature line for the assistant district attorney general's certificate is blank [*Id.*].

2

The trial court accepted Petitioner's guilty plea in a signed judgment order [*Id.* at 55]. In this judgment order, the trial court found that Petitioner understood his guilty plea and was pleading guilty voluntarily [*Id.*].

After Petitioner pled guilty, the trial court held a sentencing hearing [Doc. 13-2]. In this hearing, the trial court declined to give Petitioner an alternative sentence, imposed consecutive sentences for some counts of the indictment, and ultimately imposed an effective sentence of twenty-four years [*Id.* at 24–34].

After the trial court imposed his sentence, Petitioner filed a direct appeal challenging that sentence [Doc. 13-4]. The Tennessee Court of Criminal Appeals ("TCCA") affirmed [Docs. 6, 7], and the Tennessee Supreme Court declined review [Doc. 10].

Petitioner then filed a pro se petition for post-conviction relief asserting various claims for relief [Doc. 13-11], and his appointed counsel filed an amended petition [Doc. 13-17]. But Petitioner, through counsel, later orally moved to dismiss that post-conviction petition [Doc. 13-18 p. 1]. The post-conviction court granted that motion based on its determination that Petitioner's decision to dismiss the post-conviction petition was "free, voluntary, and informed" [*Id.*]. Petitioner did not appeal this dismissal to the TCCA.

Petitioner also later filed a "Petition for a Writ of Habeas Corpus" asserting various claims [Doc. 13-19 p. 1–5, 8–16]. The post-conviction court summarily dismissed this petition [*Id.* at 43–44]. Petitioner did not appeal this dismissal to the TCCA.

## II. STANDARD OF REVIEW

The Court's review of the habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which allows a federal court to grant habeas corpus relief on any claim adjudicated on the merits in a state court only where that adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

3

established" United States Supreme Court precedent; or (2) "resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented." *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

This Court may grant habeas corpus relief under the "contrary to" clause where the state court (1) "arrive[d] at a conclusion opposite to that reached by [the Supreme Court] on a question of law; or (2) decide[d] a case differently than the Supreme Court on a set of materially indistinguishable facts." *See Williams v. Taylor*, 529 U.S. 362, 405 (2000). The Court may grant habeas corpus relief under the "unreasonable application" clause where the state court applied the correct legal principle to the facts in an unreasonable manner. *Id.* at 407.

Also, before a federal court may grant habeas corpus relief, the petitioner must have first exhausted his available state remedies for the claim. 28 U.S.C. §2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to have "fairly presented" each federal claim to all levels of the state appellate system to ensure that states have a "full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citing *Justices v. Boston Mun. Court v. Lydon*, 466 U.S. 294, 302–03 (1984)). In Tennessee, presentation of the claim to the TCCA satisfies this requirement. Tenn. S. Ct. R. 39.

If a prisoner never presented a claim to all state court levels and a state procedural rule now bars presentation of the claim, he procedurally defaulted that claim. *Coleman v. Thompson*, 501 U.S. 722, 731–32, 750 (1991). In such circumstances, the claim is technically exhausted but procedurally defaulted. *Gray v. Netherland*, 518 U.S. 2074, 2080 (1996); *Coleman*, 501 U.S. at 732; *Jones v. Bagley*, 696 F.3d 475, 483 (6th Cir. 2012) ("When a petitioner has failed to present a legal issue to the state courts and no state remedy remains available, the issue is procedurally defaulted"). In Tennessee, petitioners may generally proceed only through one full round of the

4

post-conviction process, and Tennessee imposes a one-year statute of limitation on such actions. Tenn. Code Ann. § 40-30-102(a) (one-year limitation period), § 40-30-102(c) ("one petition" rule).

On federal habeas review, the district court may review a procedurally defaulted claim only where the prisoner can show cause for that default and actual resulting prejudice, "or . . . that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 749–50. Errors of post-conviction counsel generally cannot serve as "cause" to excuse a procedural default. *Coleman*, 501 U.S. at 753–53. But the Supreme Court established an equitable exception to this rule in *Martinez v. Ryan*, holding that the inadequate assistance of post-conviction counsel or the absence of such counsel may establish cause for a prisoner's procedural default of an ineffective assistance of trial counsel claim under certain circumstances. *Martinez v. Ryan*, 566 U.S. 1, 9, 17 (2012). The Supreme Court has described the *Martinez* exception as follows:

> [The exception] allow[s] a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim;" and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (quoting *Martinez*, 566 U.S. at 13–14, 16–17). This exception, commonly referred to as the *Martinez* exception, applies in Tennessee. *Sutton v. Carpenter*, 745 F.3d 787, 792–95 (6th Cir. 2014).

The *Martinez* exception does not apply to a claim of ineffective assistance of trial counsel that a petitioner raised in the initial-review collateral stages and defaulted on appeal. *See*, *e.g.*, *Middlebrooks v. Carpenter*, 843 F.3d 1127, 1136 (6th Cir. 2016) (stating that *Martinez* did not apply "because those claims were raised and rejected on the merits by the initial postconviction court, and ineffective assistance of counsel on post-conviction appeal cannot

5

establish 'cause' to excuse [petitioner]'s procedural default, which occurred only in the Tennessee Court of Criminal Appeals"). And *Martinez* does not excuse a petitioner's failure to develop a factual record for a claim, even where he attributes that failure to the ineffective assistance of his post-conviction counsel. *Shinn v. Ramirez*, 142 S. Ct. 1718, 1735 (May 23, 2022).

## III. ANALYSIS

For the reasons set forth below, Petitioner's sentencing claims are not cognizable herein, Petitioner procedurally defaulted the remaining claims in his § 2254 petition, and Petitioner is not entitled to habeas corpus relief due to the assistant district attorney general not signing his petition to plead guilty. The Court will address these claims in turn.

### A. Sentencing Claims

Petitioner first claims that his sentence was excessive, states that the trial court denied him alternative sentencing, and challenges the trial court's decision to impose consecutive sentencing [Doc. 1 p. 5]. Petitioner raised these claims to the TCCA in his direct appeal of his convictions on state law grounds only [Doc. 13-4]. Accordingly, Respondent asserts that these claims are not cognizable herein and that Petitioner procedurally defaulted any constitutional claim he could have raised regarding this sentence [Doc. 14 p. 10–23]. The Court agrees with Respondent that Petitioner's sentencing claims are not cognizable herein.

A federal district court may entertain a petition for a writ of habeas corpus under § 2254 "only on the ground that [the petitioner] is in custody by violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, a federal habeas corpus court will not second-guess state court determinations on state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (holding "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). And the length of a sentence within the statutory

6

maximum is a state-law matter not cognizable in federal habeas proceedings. *Hutto v. Davis*, 454 U.S. 370, 373–74 (1982); *Austin v. Jackson*, 213 F.3d 298, 301–02 (6th Cir. 2000).

It is apparent from his petition that Petitioner bases his challenges to his sentence on the same arguments that he presented in his direct appeal [Doc. 1 p. 5]. Petitioner based his direct appeal claims challenging his sentences on state law [Doc. 13-4]. Thus, the TCCA affirmed Petitioner's sentences based on state law after finding that the sentences were within the appropriate range. *Ledford v. State*, No. M2019-02045-CCA-R3-CD, 2021 WL 1529758, at *6–9 (Tenn. Ct. App. April 19, 2021).

Accordingly, the Court agrees with Respondent that Petitioner's sentencing claims are not cognizable herein and therefore will not address them on the merits. Petitioner is not entitled to § 2254 relief based on these claims.

B.     **Remaining Petition Claims**

As set forth above, Petitioner also claims in his § 2254 petition that his counsel was ineffective with regard to his guilty plea, that his convictions violate the Fifth Amendment's prohibition on double jeopardy, and that his convictions violated his rights to due process because the prosecution failed to file a notice of enhancement, and ten of his convictions did not involve bodily injury [Doc. 1 p. 7–10]. Respondent contends that Petitioner procedurally defaulted these claims and has not shown cause or prejudice to excuse that default, and that these claims also have no merit [Doc. 14 p. 13–19]. The Court agrees with Respondent that Petitioner procedurally defaulted these claims and has not shown cause or prejudice to overcome that default. As such, the Court will not address these claims on the merits.

Petitioner raised his claim that his counsel was ineffective with regard to the guilty plea in both of his post-conviction petitions [Doc. 13-7 p. 1–2; Doc. 13-19 p. 12]. Petitioner presented

7

his double jeopardy claim only in his second post-conviction petition [Doc. 13-19 p. 3–4], where he also presented the substance of his due process claims [*Id.* at 3, 8].

But while Petitioner presented these claims to the state courts in his post-conviction petitions, he never appealed the post-conviction courts' dismissals of these claims to the TCCA, and he cannot do so now. Tenn. R. App. P. 4(a). As such, Petitioner procedurally defaulted these claims. *Coleman v. Thompson*, 501 U.S. at 732.

And Petitioner has not alleged or demonstrated cause and prejudice to overcome this procedural default. Notably, Petitioner has not alleged that the ineffectiveness of his post-conviction counsel or his lack of post-conviction counsel caused this default. But even if he had, *Martinez* cannot excuse Petitioner's procedural default of these claims on appeal, nor can it excuse Petitioner's failure to develop a factual record for any of these claims. *Middlebrooks*, 843 F.3d at 1136; *Shinn*, 142 S. Ct. at 1735.

Accordingly, Petitioner has not presented grounds for the Court to excuse his procedural default of the remaining claims he presents in his § 2254 petition, and the Court will not address the merits of these claims. Petitioner is not entitled to habeas corpus relief for any of these claims.

**C.     Signature Claim in Reply**

As set forth above, after Respondent filed his response, Petitioner submitted a filing that the Court liberally construes as his reply to that response [Doc. 16]. In this reply, Petitioner claims for the first time that he is entitled to relief from his convictions because the assistant district attorney general did not sign his petition to plead guilty [Doc. 16 p. 1]. Petitioner specifically states that he was not aware of this claim until he received the state court record from Respondent in September 2023, and that the assistant district attorney general's failure to sign this document renders his petition to plead guilty "invalid . . . . [and] null and void" [*Id.*].

8

However, Petitioner's attempt to assert a claim for the first time in his reply is improper for at least two reasons. First, Petitioner's reply is not the proper place for him to set forth a ground for relief under § 2254. Rule 2(c) of the Rules Governing § 2254 Proceedings (providing in relevant part that "The petition must . . . specify all grounds for relief available to the petitioner"). Second, to the extent that Petitioner sought to amend his § 2254 petition by asserting this claim in his reply, that does not comply with this Court's Local Rule 15.1, which (1) requires a party seeking to amend a pleading to file a complete proposed amended pleading that does not incorporate any prior pleading and (2) provides that failure to do so is grounds to deny the motion. E.D. Tenn. LR 15.1 (providing in relevant part that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion.").

But even if the Court overlooked these deficiencies and Petitioner's apparent procedural default of this claim, Petitioner would not be entitled to relief under § 2254 based on this claim. Specifically, while Petitioner claims that the district attorney's failure to sign his petition to plead guilty makes that petition invalid, he does not allege that the assistant district attorney general's failure to sign that petition means that he did not enter his guilty plea knowingly, intelligently, and voluntarily, such that it could entitle him to habeas corpus relief. *Brady v. United States*, 397 U.S. 742, 748 (1970) (providing that under federal law, a guilty plea must be entered into knowingly, intelligently, and voluntarily to be valid). Nor would such an argument make logical sense, given the substance of the petition to plead guilty, which Petitioner signed, as well as the substance of trial court's order granting that petition, all of which demonstrate the knowing, intelligent and voluntary nature of Petitioner's decision to plead guilty [Doc. 13-2 p. 53–55]. And Petitioner's

9

guilty plea bars him from pursuing any habeas corpus claim except one that attacks "'the court's jurisdiction and the voluntary and intelligent character of the plea itself.'" *Kremer v. Erdos*, 1:20-CV-00194, 2022 WL 1227282, at *2 (S.D. Ohio April 26, 2022) (citing *Werth v. Bell*, 692 F.3d 486, 495 (6th Cir. 2012) and *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Petitioner does not adequately raise such a claim through his allegation that the assistant district attorney general's failure to sign his petition to plead guilty renders that petition—and not the guilty plea itself—invalid.

Accordingly, Petitioner is not entitled to relief under § 2254 based on any of his claims.

## IV.  CERTIFICATE OF APPEALABILITY

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas corpus proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas corpus petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the court dismissed a claim on the merits, but reasonable jurists could conclude the issues raised are adequate to deserve further review, the petitioner has made a substantial showing of the denial of a constitutional right and thus a COA should issue. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003); *Slack*, 529 U.S. at 484.

Reasonable jurists would not debate the Court's findings that Petitioner's sentencing claim is not cognizable herein and Petitioner procedurally defaulted the other claims for § 2254 relief in his petition and has not presented grounds to excuse that default. Nor could reasonable jurists conclude that Petitioner has made a substantial showing of the denial of a constitutional right by pointing out that the assistant district attorney general did not sign his petition to plead guilty. Accordingly, a **COA SHALL NOT ISSUE**.

## V. CONCLUSION

For the reasons set forth above, the petition for § 2254 relief will be **DENIED**, and this action will be **DISMISSED**. A COA shall **NOT** issue. Also, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/*Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**